THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES D. PAYNE, II,<br><br>                Plaintiff,<br>   v.<br><br>HIGHLINE SCHOOL DISTRICT,<br><br>                Defendant. | CASE NO. C23-0586-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 27). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained below.

Plaintiff is the father of two children attending North Hill Elementary School, which is within the Highline School District ("the District"). (*See* Dkt. No. 7 at 4.) He takes issue with, amongst other things, the District's "condon[ing] and/or promot[ing] biased messages," in the form of posters and communications supporting "LGBTQ+ Students," the "Black Lives Matter *organization*," and "Leftist political icons," along with images of "communist murderer Che'Gueverra and displays of *transsexualism*." (*Id.* at 5) (emphasis in original). Plaintiff contends his (and others') children suffer "emotional distress and cognitive dissonance" as the "messages conflict[] with their traditional upbringing at home." (*Id.* at 6.)

ORDER
C23-0586-JCC
PAGE - 1

Plaintiff, in addition to attending and testifying at various Highline School District Board meetings, sent a letter to the District's Chief Policy and Strategy Officer, threatening litigation if she did not take certain action, including removing "the LGBTQ messages [that] are offensive to traditional Christian, Muslim, Jewish and most other religious traditions." (Dkt. No. 30-4 at 3.) Dissatisfied with the result, Plaintiff failed the instant suit, accusing the District of "denigrating religious beliefs." (Dkt. No. 7 at 7.)

As best as the Court can surmise,[1] Plaintiff asserts a cause of action pursuant to 42 U.S.C. § 1983 for First Amendment violations, namely the Establishment Clause[2] and the Free Speech Clause, along with a Fourteenth Amendment violation based on Substantive Due Process. (*See id.* at 9–10.) He also brings causes of action for a violation of Article IX, Section 4 of the Washington State Constitution, which prohibits sectarian control or influence of public schools, as well as a claim for the intentional or negligent infliction of emotional distress. (*See id.* at 9–12.) Plaintiff asks for a declaratory judgment that the District's policies and practices are unlawful, injunctive relief regarding the same, and money damages and attorney fees. (*Id.* at 14–15.)

The District moves for summary judgment, asserting Plaintiff lacks standing. (*See* Dkt. No. 27 at 4–7.) The District argues the complaint is rife with generic allegations of harm to the student body writ large (and in some instances his own children), but contains no concrete and particularized assertions of injury to Plaintiff or his children. (*See id.*) Further, as it relates to the First Amendment claim based on a free speech violation, the complaint lacks the requisite

---

[1] The complaint is not a model of clarity. (*See generally id.*)

[2] Despite allegations that the District's policies and procedures "humiliate[e], embarrass[], and [result in the] fear of unwanted retaliation," Plaintiff now contends he "makes absolutely no Free Exercise claim" and that he only brings claims based on the Establishment Clause and Article IX, Section 4 of the Washington Constitution. (*See* Dkt. No. 30 at 10.) This results from the District's "promulgat[ion of] a quasi-religious orientation," espousing views aligned with "Secular Humanism, Neo-Marxism, Critical Race Theory, Queer Theory and vague self-serving proclamations of 'equity.'" (*Id.* at 10–11.)

allegations of a concrete plan to violate the District's relevant policy or the credible threat for doing so. (*See* Dkt. No. 32 at 7.) The District further contends that, even if Plaintiff could support standing through amendment, his claims fail on the merits, as they are legally flawed. (*See* Dkt. Nos. 27 at 7–12, 32 at 7–12.) The District seeks dismissal with prejudice on all claims. (*See id.*)

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).[3]

Standing is a foundational requirement. If a plaintiff lacks it, the Court does not have subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). To have standing, a plaintiff must have suffered an injury in fact that is concrete and particularized, which is fairly traceable to a defendant's challenged actions. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). And "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

To support injury, Plaintiff leans in on his allegations of exposure to the offending messages, (*see, e.g.*, Dkt. No. 30 at 8), and generically references resulting emotional injury. (*See, e.g.*, Dkt. No. 7 at 6.) But he fails to describe (or now establish at summary judgment) *how* such injury then manifested in himself or his children, whether that be through sleepless nights, the need for counseling, or something else. (*See generally* Dkt. Nos. 7, 30.) This is critical to demonstrating the particularity and concreteness necessary for standing. *See, e.g.*, *Lindsey v.*

---

[3] A fact is material if it "might affect the outcome of the suit," and a dispute of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

*Visitec, Inc.*, 804 F. Supp. 1340, 1343 (W.D. Wash. 1992) (finding a failure to "manifest objective symptoms of emotional distress" as controlling); *Meyer v. Bayerische Motoren Werke AG*, 2022 WL 3566748, slip op. at 1 (W.D. Wash. 2022) (emotional distress must "manifest by objective symptomology") (internal citations omitted).[4]

While Plaintiff is correct—this injury requirement does not exist for First Amendment violations based on freedom of speech—Plaintiff must still establish that he or his children have a "concrete plan" to violate the District's relevant policy precluding free speech and face a credible District-sanctioned threat if they do. *Thomas v. Anchorage Equal Rights Commn.*, 220 F.3d 1134, 1139–40 (9th Cir. 2000). The complaint is devoid of such assertions, and the briefing opposing summary judgment similarly lacks such facts. (*See generally* Dkt. Nos. 7, 30.)

Accordingly, the Court must find that it does not have standing to adjudicate Plaintiff's federal claims. Without this jurisdictional anchor, the Court will not exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3).[5] Therefore, Defendant's motion for summary judgement (Dkt. No. 27) is GRANTED in part and DENIED in part. Plaintiffs' complaint is DISMISSED without prejudice.

DATED this 12th day of June 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] In fact, as the District points out, Plaintiff—when deposed on the topic—failed to identify *any* such manifestations. (*See* Dkt. No. 27 at 5–6.)

[5] The Court further notes that, before renewing any of the claims now dismissed, Plaintiff should revisit his legal analysis. The Court largely agrees with the District's contentions regarding why those claims lack merit, at least as pleaded and supported through Plaintiff's summary judgment briefing. (*See generally* Dkt. Nos. 27, 32.) Nevertheless, the Court cannot reach this issue, given its lack of jurisdiction.